IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GMP TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 7077 |
| | ) | |
| v. | ) | Judge Gottschall |
| | ) | Magistrate Judge Cox |
| ZICAM, LLC and MATRIXX INITIATIVES, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, GMP Technologies, LLC, for its amended complaint against defendants, Zicam, LLC and Matrixx Initiatives, Inc., alleges as follows:

## PARTIES

1. Plaintiff, GMP Technologies, LLC ("GMP"), is an Illinois limited liability corporation with its principal place of business at 712 Anita Avenue, Antioch, Illinois 60002.

2. Defendant, Zicam, LLC ("Zicam"), on information and belief, is an Arizona limited liability company having its principal place of business at 4742 N. 24th Street #455, Phoenix, Arizona 85016. Zicam sells its products in this District,

and is therefore doing business in this District.

3. Defendant Matrixx Initiatives, Inc. ("Matrixx"), on information and belief, is a Delaware corporation having its principal place of business at 8515 E. Anderson Drive, Scottsdale, Arizona 85255. On information and belief, Matrixx conducts business in this District and has committed tortious acts in this District which have resulted in injury to a resident in this District. On information and belief, Zicam is a wholly-owned subsidiary of Matrixx.

## JURISDICTION AND VENUE

4. This is an action seeking declaratory judgment that United States Patent Nos. 6,365,624 and 7,115,275 are invalid and not infringed. In addition, plaintiff seeks damages and injunctive relief for intentional interference with contractual relationships, product disparagement and tortious interference with prospective business economic advantage.

5. This Court has subject matter jurisdiction over the patent claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over the nonpatent claims pursuant to 28 U.S.C. §§ 1332, the amount in controversy exceeding the sum of $75,000.00 exclusive of interest and costs and plaintiff and defendants are citizens

of different states. Both Matrix and Zicam are subject to personal jurisdiction in this District.

6. Venue is proper in this judicial district under 28 U.S.C. 1391.

## BACKGROUND

7. On April 2, 2002, the United States Patent and Trademark Office issued U.S. Patent No. 6,365,624 ("the '624 patent") entitled "Method and Composition For Delivering Zinc to the Nasal Membrane". The '624 patent purports to cover a method and composition for delivering zinc to a nasal membrane in which the zinc composition has a viscosity between 5000 and 20,000 centipoise or must be a gel. Defendant Zicam has represented to this Court that it is the owner of the '624 patent.

8. On October 3, 2006, the United States Patent and Trademark Office issued U.S. Patent No. 7,115,275 ("the '275 patent"), entitled "System For Delivering a Composition to the Nasal Membrane and Method of Using Same". The '275 patent purports to claim a system, an applicator assembly and method for delivering the composition to the nasal membrane in which the composition has a viscosity greater than about 1500 centipoise. Defendant Zicam has represented to this Court that it is the owner of the '275 patent.

9. GMP markets an over-the-counter cold therapy bearing the name of "Zinc Cold Therapy Swabs" which includes an applicator package and a cold therapy formulation in this District and elsewhere. The cold therapy formulation of GMP's product has a viscosity less than 100 centipoise. Said swabs have enjoyed considerable success in the marketplace and have been well received by both distributors and customers.

10. On or about June 27, 2008, GMP entered into a business relationship with Walgreen Company ("Walgreens"), based in this District, and began selling to Walgreens its "Zinc Cold Therapy Swabs". Walgreens issued three purchase orders to GMP for purchase of "Zinc Cold Therapy Swabs". On information and belief, Walgreens sold substantially all of such swabs covered by the first purchase order. Thereafter, Walgreens issued a further purchase order and GMP delivered substantially all such swabs covered by that purchase order.

11. After the second purchase order had been filled, a representative of Matrixx sent a letter on or about October 24, 2008 to Walgreens, calling to its attention a number of United States patents, including the '624 patent and the '275 patent. On October 31, 2008, the law firm of Snell & Wilmer, representing Matrixx and its subsidiary, Zicam, sent a further letter to Walgreens, alleging infringement of the '624 and '275 patents. On receipt of the Snell & Wilmer letter,

Walgreens returned to GMP what had not been sold of the first and second purchase orders and cancelled the third purchase order. In addition, GMP reimbursed Walgreens for the amount of product returned. On information and belief, those actions by Walgreens were initiated by the letters from Matrixx and Snell & Wilmer. Walgreens has continued to refuse to purchase any additional "Zinc Cold Therapy Swabs" because of the letters from Matrixx and Snell & Wilmer.

## COUNT I

## DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT

12. GMP repeats and realleges the allegations of paragraphs 1-11 as though expressly restated herein.

13. By reason of the Matrixx and Snell & Wilmer letters referred to in paragraph 11, Zicam in concert with Matrixx has charged that the cold remedy "Zinc Cold Therapy Swabs" sold to Walgreens by GMP infringe the '624 and '275 patents. Thus, Zicam in concert with Matrixx has created an actual case or controversy with respect to infringement of the '624 and '275 patents. Therefore, there exists a substantial justiciable controversy between Zicam and Matrixx, on the one hand, and GMP, on the other hand, with respect to the validity and

infringement of the '624 and '275 patents of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

14. GMP has not infringed, is not infringing and will not infringe, either directly or indirectly, any claim of the '624 and '275 patents. The claims of the '624 and '275 patents require viscosities of at least 1500 centipoise or a gel having a high viscosity whereas the GMP product uses a composition in which the viscosity is less than 100 centipoise and is not in the form of a gel.

15. Upon information and belief, said patents and the claims thereof are also invalid for failing to comply with the requirement of the patent laws of the United States, including 35 U.S.C. §§ 101, et seq.

16. Accordingly, the '624 and '275 patents have not been infringed and are invalid.

## COUNT II

## MATRIXX AND ZICAM HAVE INTERFERED WITH CONTRACTUAL RELATIONSHIP BETWEEN GMP AND WALGREENS

17. GMP repeats and realleges the allegations of paragraphs 1-16 as though expressly restated herein.

18. Matrixx and Zicam were or should have been, on information and belief, aware of the business relationship between Walgreens and its supplier GMP. Matrixx and Zicam deliberately and intentionally and with the intent to interfere with the contractual relationship between Walgreens and its supplier GMP, (a) falsely represented to Walgreens that they owned an interest in the '624 and '275 patents when both knew full well that Matrixx had no ownership interest in said patents; (b) falsely represented that the '624 and '275 patents provided "very broad protection" when in fact the scope of both the '624 and '275 patents is quite narrow, being limited to a narrow range of viscosity or to a gel; (c) falsely represented that Matrixx had filed additional patent applications relating to certain products when in fact such applications were, on information and belief, filed solely in the name of Zicam to the exclusion of Matrixx, and, as applications, contained no currently enforceable rights; (d) falsely represented that Matrixx had rights sufficient to enable it to license to others when in fact Matrixx had no such rights; and (e) falsely represented to Walgreens that the product it had purchased from GMP infringes the '624 and 275 patents when in fact such product does not infringe either patent. On information and belief, such representations were either known by both Matrixx and Zicam to be false or were made without regard for their truth, and hence such representations were made in bad faith and with the intent to damage GMP.

19. As a direct result of the communications from Matrixx and Zicam, Walgreens has reduced its purchase of the "Zinc Cold Therapy Swabs" and now refuses to purchase such swabs from GMP. GMP has been damaged by such actions in an amount to be determined at trial.

COUNT III

MATRIXX AND ZICAM HAVE COMMITED
PRODUCT DISPARAGEMENT

20. GMP repeats and realleges the allegations of paragraphs 1-19 as though expressly restated herein.

21. Matrixx and Zicam have, in the conduct of their business and submission of letters to Walgreens, made false and/or misleading representations in bad faith to Walgreens that the swabs supplied by GMP and sold by Walgreens infringe the '624 and '725 patents. Such products in fact do not infringe those patents.

22. Such representations are disparaging and false. As a direct result of those disparaging and false representations, GMP has been damaged in an amount to be determined at trial.

## COUNT IV

## MATRIXX AND ZICAM TORTIOUSLY INTERFERED WITH GMP'S PROSPECTIVE ECONOMIC ADVANTAGE

23. GMP repeats and realleges the allegations of paragraphs 1-22 as though expressly restated herein.

24. GMP had a reasonable expectation of a valid business relationship in its dealings with Walgreens whereby GMP would provide a product for resale by Walgreens. Matrixx and Zicam have deliberately and intentionally and in bad faith, and with an intent to defeat the legitimate expectations of the contractual relationship between GMP and Walgreens, falsely represented to Walgreens that GMP's products infringe the '624 and '275 patents. In fact, there has been no such infringement by GMP. As a result of those intentional acts, GMP has been damaged in an amount to be determined at trial.

WHEREFORE, GMP seeks judgment against Matrixx and Zicam as their respective interests may appear as follows:

A. Ordering, adjudging and decreeing that neither U.S. Patent No. 6,365,624 nor U.S. Patent No. 7,115,275 have been infringed either directly or indirectly by GMP;

B. Ordering, adjudging and decreeing that U.S. Patent No.

6,365,624 and U.S. Patent No. 7,115,275 are invalid;

C. Awarding damages against Matrixx and Zicam in an amount to be established at trial for losses arising from their tortious interference with contractual relationships, their acts of product disparagement and their interference with GMP's prospective economic advantage in GMP's dealings with Walgreens;

D. Awarding to GMP its costs and attorneys' fees; and

E. Awarding to GMP such other further relief as the Court deems just and equitable.

## JURY DEMAND

GMP demands trial by jury of all issues in this action so triable.

Respectfully submitted,

GMP TECHNOLOGIES, LLC

/s/ Keith V. Rockey

KEITH V. ROCKEY (ID #02360624)
KATHLEEN A. LYONS (ID #06186939)
Rockey, Depke & Lyons, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 277-2006
Facsimile: (312) 441-0570

Attorneys for Plaintiff
GMP Technologies, LLC

# CERTIFICATE OF SERVICE

The undersigned counsel for plaintiff hereby certifies that on May 11, 2009, a true and correct copy of the foregoing AMENDED COMPLAINT was filed electronically with the Clerk of the Court through the Court's CM/ECF System which will provide electronic notification of such filing to the following counsel of record for defendants:

Michael J. Kelly, Esq.
Jennifer L. Fitzgerald, Esq.
Leland W. Hutchinson, Esq.
David S. Becker, Esq.
David L. Ter Molen, Esq.
Jacob D. Koering, Esq.
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606-4617

/s/ Keith V. Rockey
One of Plaintiff's Attorneys