UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GMP TECHNOLOGIES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 7077 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| ZICAM, LLC and MATRIXX | ) | |
| INITIATIVES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION & ORDER**

Plaintiff GMP Technologies, LLC ("GMP") brings this action against defendants Zicam, LLC ("Zicam") and Zicam's parent corporation, Matrixx Initiatives, Inc. ("Matrixx") (collectively, "defendants"). In its Amended Complaint, GMP seeks a declaration of invalidity and noninfringement of two patents in Count I and damages under various state law tort doctrines in Counts II through IV. Presently before the court is defendants' motion to dismiss Count I as to Matrixx, which defendants assert has no interest in the patents at issue, and Counts II through IV as to all defendants on the grounds of federal preemption.[1] The court grants defendants' motion to dismiss with regard to GMP's allegations against Matrixx in Count I and denies the motion with regard to GMP's state-law allegations against defendants.

### I. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed.

---

[1] Defendants filed a motion to dismiss GMP's original complaint, but GMP sought (and the court granted) leave to amend that complaint. GMP then filed its Amended Complaint, and defendants filed the motion presently before the court. Defendants' motion to dismiss GMP's original complaint is therefore denied as moot.

R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, the allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

## II. ANALYSIS

Before turning to the merits of the motion to dismiss, the court addresses two preliminary questions.

### A. Matrixx's letters to Walgreen's

GMP's claims against Matrixx and its state-law claims against Zicam arise from two letters: the first, dated October 24, 2008, is from Matrixx's internal counsel to Walgreen Co. ("Walgreen's"), which is not a party to this case; and the second, dated

October 31, 2008 is from outside counsel for Matrixx and Zicam, also to Walgreen's. In its Amended Complaint, GMP refers to these letters without attaching them. *See* Compl. ¶¶ 11, 13. Generally, matters outside the pleading are not considered in the context of a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(b)(6); *see also Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 430 (7th Cir. 1993). However, the court construes documents as part of the pleadings if the defendants attach the documents to their Rule 12(b)(6) motion to dismiss and if those documents are referenced in plaintiff's complaint and are central to its claim. *See Venture Assocs. Corp.*, 987 F.2d at 430. The October 24 and October 31 letters satisfy each of these requirements, and the court considers them as part of GMP's Amended Complaint.

### B. Matrixx's interest in the subject patents

The question of Matrixx's interest in the subject patents is relevant to both parts of the motion: Matrixx asserts that it has no interest in the patents, and therefore is not a proper defendant to GMP's declaratory action, while the parties debate the effect of Matrixx's interest in the patents on questions of federal preemption. In its Amended Complaint, GMP never alleges that Matrixx owns the patents at issue. However, Matrixx muddied the issue by attaching the October 24 and October 31 letters to its motion to dismiss. In the October 24 letter, internal counsel for Martrixx wrote that "Matrixx Initiatives, Inc. (Matrixx), through its subsidiary Zicam, LLC, owns several patents," including the patents at issue here. *See* Mem. Ex. B; *see also id.* Ex. C (stating that "Zicam," defined as "Matrixx Initiatives, Inc. and its subsidiary Zicam LLC," owns the patents at issue). A reasonable inference from the imprecise language in these letters might be that Matrixx owns at least some interest in the patents at issue. But a party can

plead itself out of court, *see Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004), and GMP has done so here, repeatedly alleging that Matrixx has no interest in the subject patents. *See* Compl. ¶ 18.

### C. Declaratory Action

GMP's declaratory action against Matrixx must be dismissed. A parent corporation generally has no standing to bring an infringement suit for a patent that its subsidiary owns. *See DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1238 (N.D. Ill. 2005); *see also GPS Indus., Inc. v. Altex Corp.*, No. 07-CV-0831-K, 2009 WL 2337921, at *2 (N.D. Tex. July 27, 2009). Declaratory noninfringement actions are mirror images of infringement suits, *see VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990), and so a party that lacks standing to bring an infringement suit is not the proper defendant to a declaratory noninfringement action. *See Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998) (summarizing nonprecedential opinion). Matrixx, owning no interest in the patents at issue here, would have no standing to bring a patent infringement suit against GMP, and so is not the proper party defendant to GMP's declaratory action.

### D. State Law Claims

Matrixx and Zicam also assert that GMP's state-law claims against them must be dismissed because those claims are preempted by federal law. The Court of Appeals for the Federal Circuit recently reiterated the standard for federal preemption in cases such as this:

> State tort claims against a patent holder, including tortious interference claims, based on enforcing a patent in the marketplace, are "preempted" by federal patent laws, unless the claimant can show that the patent holder acted in "bad faith" in the publication or enforcement of its patent.

4

. . .

> This "bad faith" standard has objective and subjective components. The objective component requires a showing that the infringement allegations are "objectively baseless." The subjective component relates to a showing that the patentee in enforcing the patent demonstrated subjective bad faith.

*800 Adept, Inc. v. Murex Secs., Ltd.*, 539 F.3d 1354, 1369-70 (Fed. Cir. 2008) (citations omitted). "To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits." *Dominant Semiconductors SDN. BHD. v. Osram GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008) (internal quotation marks and citations omitted).[2]

In evaluating whether GMP has adequately pled "bad faith," the court must first determine what pleading standard applies. Defendants urge without citation that Federal Rule of Civil Procedure 9(b)'s requirement that allegations of fraud or mistake be made with particularity applies equally to allegations of "bad faith." Mem. 10; *see also* Fed. R. Civ. P. 9(b). No federal court has ruled on whether the "bad faith" exception to federal preemption must be pled with particularity, and the Seventh Circuit has not addressed the question of the applicability of Rule 9(b) to allegations of bad faith. However, at least one appellate court has addressed the general question and found that allegations of bad faith are distinct from those of fraud, and so do not require pleading with particularity. *See Stern v. Gen. Elec. Co.*, 924 F.2d 472, 476 (2d Cir. 1991). Moreover, "bad faith" is no more similar to "fraud" than it is to "[m]alice, intent, [and] knowledge," which Rule 9(b) allows litigants to plead generally. *See* Fed. R. Civ. P. 9(b). The court finds that

---

[2] GMP argues that Matrixx, because it is not the patent-holder, is not protected by federal preemption, and so GMP need not plead that Matrixx acted in bad faith. The court finds this argument unpersuasive, particularly in light of case law applying preemption to claims against non-patent-holders such as Matrixx. *See, e.g.*, *Fisher Tool Co. v. Gillet Outillage*, 530 F.3d 1063, 1038 (9th Cir. 2008).

5

GMP's allegations of "bad faith" are subject to the general pleading requirement of Federal Rule of Civil Procedure 8(a).

Turning to the Amended Complaint, GMP repeatedly alleges that Zicam and Matrixx took certain actions "deliberately and intentionally," "with intent" and "in bad faith." *See, e.g.*, Compl. ¶¶ 18, 24. These legal conclusions are not entitled to any weight, and cannot salvage GMP's state-law claims from preemption. *Iqbal*, 129 S. Ct. at 1940. Likewise, GMP's allegations that Zicam and Matrixx falsely warned of patent infringement do not by themselves support a reasonable inference of bad faith, *see* Compl. ¶ 18(e), for if an aggrieved party had only to allege that an infringement warning was erroneous to avoid federal preemption, the bad-faith hurdle would be meaningless. *See Twombly*, 550 U.S. at 566. GMP also alleges that Matrixx and Zicam represented that Matrixx owned the patents at issue, had filed for additional patents, and had the right to license them to others, but "knew full well" that Matrixx did not own the patents. *See id.* ¶ 18(a), (c) & (d). But, the letters that form the basis for this claim support at most an inference of imprecise language, and not an inference that the defendants' allegations of infringement were "objectively baseless."

GMP's remaining specific allegations support a claim for bad faith. GMP asserts that defendants warned Walgreen's that the patents "provided 'very broad protection,'" and knew that its representation to Walgreen's was false, or made such representations without regard for their truth. *See id.* ¶ 18(b). While this allegation alone would test the limits of Rule 8(a), GMP also alleges that the products it sold to Walgreen's were of a far different viscosity than the products covered by the patents. *See id.* ¶¶ 7-9. Taking all reasonable inferences in GMP's favor, its allegations, if proven true, could show that

defendants' representations were "objectively baseless," given the disparity between the patents and the products sold by GMP, and subjectively in bad faith, given defendants' knowledge or recklessness with respect to the falsity of their representations.  The court therefore denies defendants' motion to dismiss with respect to GMP's state-law claims.

### III. Conclusion

The court grants defendants' motion to dismiss regarding Count I of the Amended Complaint against Matrixx and denies the motion regarding Counts II through IV.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 9, 2009