**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GMP TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff | ) | No. 08 CV 7077 |
| | ) | |
| v. | ) | Judge Gottschall |
| | ) | |
| ZICAM, LLC and MATRIXX INITIATIVES, INC., | ) | Magistrate Judge Cox |
| | ) | |

**DEFENDANTS' AMENDED ANSWER TO**
**AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants, Zicam, LLC, ("Zicam") and Matrixx Initiatives, Inc. ("Matrixx") (collectively "Defendants") hereby submit this Amended Answer to Plaintiff GMP Technologies, LLC's ("GMP") Amended Complaint and Counterclaim, and state as follows:

PARTIES

1. Plaintiff, GMP Technologies, LLC ("GMP"), is an Illinois limited liability corporation (sic) with its principal place of business at 712 Anita Avenue, Antioch, Illinois 60002.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

2. Defendant Zicam, LLC ("Zicam"), on information and belief, is an Arizona limited liability company having its principal place of business at 4742 N. 24th Street #455, Phoenix, Arizona 85016. Zicam sells its product in this District, and is therefore doing business in this District.

**ANSWER:**

Defendants state that Zicam is an Arizona limited liability company having its principal place of business at 8515 E. Anderson Drive, Scottsdale, AZ 85255. Defendants further admit

that Zicam sells certain products in this District, but deny the remaining allegations of the second sentence of Paragraph 2.

3. Defendant Matrixx Initiatives, Inc. ("Matrixx"), on information and belief, is a Delaware corporation having its principal place of business at 8515 E. Anderson Drive, Scottsdale, Arizona 85255. On information and belief, Matrixx conducts business in this District and has committed tortious acts in this District which have resulted in injury to a resident in this District. On information and belief, Zicam is a wholly owned subsidiary of Matrixx.

**ANSWER:**

Defendants admit that Matrixx is a Delaware corporation having its principal place of business at 8515 E. Anderson Drive, Scottsdale, AZ 85255, and that Zicam is a wholly owned subsidiary of Matrixx. Defendants deny the remaining allegations in this Paragraph.

JURISDICTION AND VENUE

4. This is an action seeking declaratory judgment that United States Patent Nos. 6,365,624 and 7,115,275 are invalid and not infringed. In addition, plaintiff seeks damages and injunctive relief for intentional interference with contractual relationships, product disparagement and tortious interference with prospective business economic advantage.

**ANSWER:**

Defendants admit that GMP filed this action seeking a declaratory judgment that United States Patent Nos. 6,365,624 and 7,115,275 are invalid and not infringed, and seeking damages and injunctive relief for allegations of intentional interference with contractual relationships, product disparagement and tortious interference with prospective business economic advantage.

5. This Court has subject matter jurisdiction over the patent claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over the nonpatent claims pursuant to 28 U.S.C. §§ 1332, the amount in controversy exceeding the sum of $75,000.00 exclusive of interest and costs and plaintiff and defendants are citizens of different states. Both Matrix [sic] and Zicam are subject to personal jurisdiction in this District.

**ANSWER:**

Defendants admit that this Court has subject matter jurisdiction over the patent claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202. As such, Defendants deny the allegations of the second sentence of Paragraph 5. Defendants admit that they are subject to personal jurisdiction in this lawsuit, but otherwise deny the allegations of the third sentence of Paragraph 5.

6. Venue is proper in this jurisdiction under 28 U.S.C. 1391.

**ANSWER:**

Defendants admit the allegations in this Paragraph.

## BACKGROUND

7. On April 2, 2002, the United States Patent and Trademark Office issued U.S. Patent No. 6,365,624 ("the '624 patent") entitled "Method and Composition for Delivering Zinc to the Nasal Membrane." The '624 patent purports to cover a method and composition for delivering zinc to a nasal membrane in which the zinc composition has a viscosity between 5000 and 20,000 centipoise or must be a gel. Defendant Zicam has represented to this Court that it is the owner of the '624 patent.

**ANSWER:**

Defendants admit that, on April 2, 2002, the United States Patent and Trademark Office issued the '624 patent, entitled "Method and Composition for Delivering Zinc to the Nasal Membrane." Defendants also admit that Zicam has represented to this Court that it is the owner of the '624 patent. Because the '624 patent speaks for itself, Defendants deny the remaining allegations in this Paragraph.

8. On October 3, 2006, the United States Patent and Trademark Office issued U.S. Patent No. 7,115,275 ("the '275 patent"), entitled "System for Delivering a Composition to the Nasal Membrane and Method of Using Same." The '275 patent purports to claim a system, an applicator assembly and method for delivering the composition to the nasal membrane in which

the composition has a viscosity greater than about 1500 centipoise. Defendant Zicam has represented to this Court that it is the owner of the '275 patent.

**ANSWER:**

Defendants admit that, on October 3, 2006, the United States Patent and Trademark Office issued the '275 patent, entitled "System for Delivering a Composition to the Nasal Membrane and Method of Using Same." Defendants also admit that Zicam has represented to this Court that it is the owner of the '275 patent. Because the '275 patent speaks for itself, Defendants deny the remaining allegations in this Paragraph.

9. GMP markets an over-the-counter cold therapy bearing the name of "Zinc Cold Therapy Swabs" which includes an applicator package and a cold therapy formulation in this District and elsewhere. The cold therapy formulation of GMP's product has a viscosity less than 100 centipoise. Said swabs have enjoyed considerable success in the marketplace and have been well received by both distributors and customers.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

10. On or about June 27, 2008, GMP entered into a business relationship with Walgreen Company ("Walgreens"), based in this District, and began selling to Walgreens its "Zinc Cold Therapy Swabs". Walgreens issued three purchase orders for GMP for purchase of "Zinc Cold Therapy Swabs". On information and belief, Walgreens sold substantially all of such swabs covered by the first purchase order. Thereafter, Walgreens issued a further purchase order and GMP delivered substantially all such swabs covered by that purchase order.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

11. After the second purchase order had been filled, a representative of Matrixx sent a letter on or about October 24, 2008 to Walgreens, calling to its attention a number of United States patents, including the '624 patent and the '275 patent. On October 31, 2008, the law firm

of Snell & Wilmer, representing Matrixx and its subsidiary, Zicam, sent a further letter to Walgreens, alleging infringement of the '624 and '275 patents. On receipt of the Snell & Wilmer letter, Walgreens returned to GMP what had not been sold of the first and second purchase orders and cancelled the third purchase order. In addition, GMP reimbursed Walgreens for the amount of product returned. On information and belief, those actions by Walgreens were initiated by letters from Matrixx and Snell & Wilmer. Walgreens has continued to refuse to purchase any additional "Zinc Cold Therapy Swabs" because of the letters from Matrixx and Snell & Wilmer.

**ANSWER:**

Defendants admit that a representative of Matrixx sent a letter on or about October 24, 2008 to Walgreens, calling to its attention several patents, including the '624 patent and the '275 patents. Defendants further admit that, on October 31, 2008, the law firm of Snell & Wilmer sent a further letter to Walgreens. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph relating to or regarding Walgreens' actions with respect to GMP and GMP's actions with respect to Walgreens. Defendants deny the remaining allegations in this Paragraph.

COUNT I

DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT

12. GMP repeats and realleges the allegations of Paragraphs 1-11 as though expressly restated herein.

**ANSWER:**

Defendants repeat and reallege their Answers to Paragraphs 1-11.

13. By reason of the Matrixx and Snell & Wilmer letters referred to in Paragraph 11, Zicam in concert with Matrixx has charged that the cold remedy "Zinc Cold Therapy Swabs" sold to Walgreens by GMP infringe the '624 and '275 patents. Thus, Zicam in concert with Matrixx has created an actual case or controversy with respect to infringement of the '624 and '275 patents. Therefore, there exists a substantial justiciable controversy between Matrixx and Zicam, on the one hand, and GMP, on the other hand, with respect to the validity and

infringement of the '624 and '275 patents of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

14. GMP has not infringed, is not infringing and will not infringe, either directly or indirectly, any claim of the '624 and '275 patents. The claims of the '624 and '275 patents require viscosities of at least 1500 centipoise or a gel having a high viscosity whereas the GMP product uses a composition in which the viscosity is less than 100 centipoise and is not in the form of a gel.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

15. Upon information and belief, said patents and the claims thereof are also invalid for failing to comply with the requirement [sic] of the patent laws of the United States, including 35 U.S.C. §§ 101, et seq.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

16. Accordingly, the '624 and '275 patents have not been infringed and are invalid.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

## COUNT II

## MATRIXX AND ZICAM HAVE INTERFERED WITH CONTRACTUAL RELATIONSHIP BETWEEN GMP AND WALGREENS

17. GMP repeats and realleges the allegations of Paragraphs 1-16 as though expressly restated herein.

**ANSWER:**

Defendants repeat and reallege their Answers to Paragraphs 1-16.

18. Matrixx and Zicam were, or should have been, on information and belief, aware of the business relationship between Walgreens and its supplier GMP. Matrixx and Zicam deliberately and intentionally and with the intent to interfere with the contractual relationship between Walgreens and its supplier GMP, (a) falsely represented to Walgreens that they owned an interest in the '624 and '275 patents when both knew full well that Matrixx had no ownership interest in said patents; (b) falsely represented that the '624 and '275 patents provided "very broad protection" when in fact the scope of both the '624 and '275 patents is quite narrow, being limited to a narrow range of viscosity or to a gel; (c) falsely represented that Matrixx had filed additional patent applications relating to certain products when in fact such applications were, on information and belief, filed solely in the name of Zicam to the exclusion of Matrixx, and, as applications, contained no currently enforceable rights; and (e) falsely represented to Walgreens that the product it had purchased from GMP infringes the '624 and '275 patents when in fact such product does not infringe either patent. On information and belief, such representations were either known by Matrixx and Zicam to be false or were made without regard for their truth, and hence such representations were made in bad faith and with the intent to damage GMP.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

19. As a direct result of the communications from Matrixx and Zicam, Walgreens has reduced its purchase of the "Zinc Cold Therapy Swabs" and now refuses to purchase such swabs from GMP. GMP has been damaged by such actions in an amount to be determined at trial.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

## COUNT III

## MATRIXX AND ZICAM HAVE COMMITED (SIC) PRODUCT DISPARAGEMENT

20. GMP repeats and realleges the allegations of Paragraphs 1-19 as though expressly restated herein.

**ANSWER:**

Defendants repeat and reallege their Answers to Paragraphs 1-19.

21. Matrixx and Zicam have, in the conduct of their business and submission of letters to Walgreens, made false and/or misleading representations in bad faith to Walgreens that

the swabs supplied by GMP and sold by Walgreens infringe the ‘624 and ‘725 patents. Such products in fact do not infringe those patents.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

22. Such representations are disparaging and false. As a direct result of those disparaging and false representations, GMP has been damaged in an amount to be determined at trial.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

COUNT IV

MATRIXX AND ZICAM TORTIOUSLY INTERFERED WITH GMP’S PROSPECTIVE ECONOMIC ADVANTAGE

23. GMP repeats and realleges the allegations of Paragraphs 1-22 as though expressly restated herein.

**ANSWER:**

Defendants repeat and reallege their Answers to Paragraphs 1-22.

24. GMP had a reasonable expectation of a valid business relationship in its dealings with Walgreens whereby GMP would provide a product for resale by Walgreens. Matrixx and Zicam have deliberately and intentionally and in bad faith, and with an intent to defeat the legitimate expectations of the contractual relationship between GMP and Walgreens, falsely represented to Walgreens that GMP’s products infringe the ‘624 and ‘275 patents. In fact, there has been no such infringement by GMP. As a result of those intentional acts, GMP has been damaged in an amount to be determined at trial.

**ANSWER:**

Defendants deny the allegations in this Paragraph.

WHEREFORE, Defendants request the Court enter judgment in favor of Defendants and against GMP on the amended complaint, with costs to follow the judgment, and such further relief as the Court deems proper.

## COUNTERCLAIMS

Now comes Counterclaim Plaintiff, Zicam, LLC. ("Zicam"), by its undersigned attorneys, and for its counterclaims against Counterclaim Defendant GMP Technologies, LLC ("GMP"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over GMP to adjudicate these counterclaims because GMP (i) is an Illinois limited liability corporation; (ii) markets and sells cold therapy products in this District that are the subject matter of this Counterclaim, including at least one product bearing the name of "Zinc Cold Therapy Swabs;" and (iii) has voluntarily subjected itself to jurisdiction in this Court.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

### THE PARTIES

4. Counter-Plaintiff Zicam, LLC ("Zicam") is an Arizona limited liability company having its principal place of business at 8515 E. Anderson Drive, Scottsdale, AZ 85255. Zicam produces, markets and sells Zicam® Cold Remedy nasal gel, a patented, homeopathic remedy that has been clinically proven to significantly reduce the duration and severity of the common cold.

5. Counter-Defendant, GMP Technologies, LLC ("GMP"), is an Illinois limited liability corporation with its principal place of business at 712 Anita Avenue, Antioch, Illinois 60002. On information and belief, GMP also markets a homeopathic cold remedy nasal gel under the name "Zinc Cold Therapy Swabs," which GMP markets as being a comparable product to Zicam's nasal-gel products.

## ASSERTED PATENTS

6. On April 2, 2002, the United States Patent and Trademark Office issued U.S. Patent No. 6,365,624 ("the '624 patent") entitled "Method and Composition for Delivering Zinc to the Nasal Membrane." A copy of the '624 patent is attached hereto as Exhibit A.

7. On October 3, 2006, the United States Patent and Trademark Office issues U.S. Patent No. 7,115,275 ("the '275 patent"), entitled "System for Delivering a Composition to the Nasal Membrane and Method of Using Same." A copy of the '275 Patent is attached hereto as Exhibit B.

## ACCUSED PRODUCTS

8. GMP makes, uses, sells, offers for sale, markets, and encourages third parties to use over-the-counter cold therapy products in this District and elsewhere, including at least one product bearing the name of "Zinc Cold Therapy Swabs," which products include an applicator package and a cold therapy formulation.

## COUNT I: INFRINGEMENT OF THE '624 PATENT

9. Zicam incorporates Paragraphs 1 through 8 of its Counterclaim by reference as though fully set forth herein.

10. By virtue of its manufacture, use, sale, offer for sale, marketing and/or encouragement of others to use its products, including the Accused Products, GMP has been and

still is infringing, inducing the infringement of and/or contributing to the infringement of the ‘624 patent.

11. GMP’s infringement of the ‘624 patent has caused, and will continue to cause, Zicam substantial and irreparable injury for which Zicam is entitled to receive injunctive relief.

12. Upon information and belief, GMP’s infringement of the ‘624 patent has been willful and deliberate.

## COUNT II: INFRINGEMENT OF THE ‘275 PATENT

13. Zicam incorporates Paragraphs 1 through 12 of its Counterclaim by reference as though fully set forth herein.

14. By virtue of its manufacture, use, sale, offer for sale, marketing and/or encouragement of others to use its products, including the Accused Products, GMP has been and still is infringing, inducing the infringement of and/or contributing to the infringement of the ‘275 patent.

15. GMP’s infringement of the ‘275 patent has caused, and will continue to cause, Zicam substantial and irreparable injury for which Zicam is entitled to receive injunctive relief.

16. Upon information and belief, GMP’s infringement of the ‘275 patent has been willful and deliberate.

## DEMAND FOR RELIEF

WHEREFORE, Counter-Plaintiff Zicam prays that this Court enter judgment in its favor and against GMP as follows:

A. That GMP has infringed the ‘624 and ‘275 patents;

B. That GMP’s infringement of the ‘624 and ‘275 patents was willful;

C. Enjoining and prohibiting GMP, its officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with Counter-Defendant, from further infringement of the '624 and '275 patents;

D. Awarding Zicam damages from GMP adequate to compensate Zicam for GMP's infringement of the '624 and '275 patents, as shown at trial;

E. Awarding Zicam treble damages based on the willfulness of GMP's infringement;

F. Declaring this case exceptional pursuant to 35 U.S.C. § 285 and award Zicam its costs and reasonable attorneys' fees;

G. Awarding Zicam pre-judgment interest;

H. Awarding Zicam its costs of suit;

I. Declaring the '624 and '275 patents valid and enforceable; and

J. Granting Zicam such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Zicam demands trial by jury of all issues triable of right by a jury.

## NOTIFICATION OF AFFILIATES

Pursuant to Local Rule 3.2 and Rule 7.1(a), Fed.R.Civ.P., Zicam hereby states that it is a nongovernmental corporation, and that Matrixx Initiatives, Inc. is a publicly-held affiliate of Zicam that owns more than 5% of Zicam.

Dated: December 21, 2009

Respectfully submitted,

ZICAM, LLC and MATRIXX INITIATIVES, INC.

By: /s/ Jennifer L. Fitzgerald
One Of Their Attorneys

Michael J. Kelly
Jennifer L. Fitzgerald
David S. Becker
Jacob D. Koering
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000 phone
(312) 360-6595 fax

*Attorneys for Defendant/Counter-Plaintiff*
*Zicam LLC and Defendant Matrixx Initiatives, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys for Matrixx Initiatives, Inc. and Zicam, LLC, hereby certifies that she caused a copy of the foregoing **DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM** to be served upon the following parties on December 21, 2009 via the Court's electronic filing system:

Keith V. Rockey
Kathleen A. Lyons
Rockey, Depke & Lyons, LLC
Willis Tower, Suite 5450
233 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 277-2006
Fax: (312) 441-0570

/s/ Jennifer L. Fitzgerald